UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  <u>18-20953-CR-COOKE</u>

UNITED STATES OF AMERICA

vs.

TERRANCE REYNOLDS,

    **Defendant.**

_____

**<u>PRETRIAL STATEMENT</u>**

    The United States, through undersigned counsel, files this written statement in compliance with the Court's November 20, 2019, oral order.  The below statements set forth a list of the prior pre-trial agreements between the parties and pretrial rulings of the Court.

    1. <u>Criminal History</u>:  The parties stipulated and agreed that the prior convictions listed in the attached chart (Exhibit A) are the only convictions that may be used for impeachment. Impeachment evidence will not include the underlying facts of the prior convictions.  Arrests, as well as misdemeanor and juvenile criminal history, will not be used for impeachment purposes or mentioned at any time in front of the jury during the course of the trial.  Exhibit A has been updated to reflect Brendan Butler's sentence as modified by the Court on November 18, 2019, *see United States v. Brendan Butler*, No. 1:18-cr-20298-MGC, ECF No. 37.

    2. <u>Rule 902(11) Certifications</u>:  The government has provided the defense with several executed certifications regarding the authenticity of documents that it intends to introduce at trial. Counsel for the defense has reviewed these certifications and stipulates and agrees that the documents and records certified by the Sprint records custodian, Hillary Rapson, and the FDC

Administrative Temporary Reassignment Letters for Terrance Reynolds and Brendan Butler, certified by Florida Department of Corrections records custodians, Jeremy A. Harris and Jimmy Love, are authentic and admissible at trial under Federal Rules of Evidence 803(6) and 902(11), and there is thus no need to call a records custodian to admit these documents at trial.  Counsel for the defense has likewise reviewed the T-Mobile documents and records contained in and previously admitted at trial as Government Exhibits 32 and 33, and stipulates and agrees that they are authentic and admissible at trial under Federal Rules of Evidence 803(6) and 902(11), and there is thus no need to call a records custodian to admit these documents at trial.

      3.    <u>Evidence of Good Character</u>:  In many cases, especially when defendants are former law enforcement officers, evidence of good character exists.  The parties have stipulated and agreed that evidence of the defendant's good character (e.g., commendations, favorable ratings by supervisors, good acts, etc.) will not be mentioned at any time in front of the jury during the course of the trial.  The Government will also abide by this stipulation with regard to its witnesses.

      4.    <u>FDOC Prior Use of Force Investigations</u>:  The Government's discovery included six prior use of force investigatory reports completed by the Florida Department of Corrections (FLDOC).  Four of these pertain to the defendant, one pertains to former Sgt. Brendan Butler, and one pertains to Correctional Officer Alicia Owens.  In lieu of seeking the admission of these reports into evidence, the parties have agreed that the following stipulation will be read to the jury: "At all times relevant to this case, Terrance Reynolds, Brendan Butler, Alicia Owens, Tanya McLeod, and Keaon Talley were aware of the Florida Department of Corrections rules and procedures regarding reporting any incidents involving the use of force."

      5.    <u>Transcripts</u>:  The Inspector General for the FLDOC conducted interviews of various employees about the events that form the basis for this case.  Transcripts of these recordings were

prepared and turned over in a timely fashion to the defense. The parties agree that they will not raise any issues concerning the accuracy of the transcripts.

  6. <u>Fed. R. Evid. 404(b)</u>: The Court granted in part and denied in part the Government's motion to admit certain evidence pursuant to Fed. R. Evid. 404(b), which the Government outlined in its Notice of Intent To Rely on FRE 404(b)(2)/Inextricably Intertwined Evidence, ECF No. 27, at p. 3-5; *see also* Supplement to Notice of Intent to Rely on FRE 404(b)(2)/Inextricably Intertwined Evidence, ECF No. 48. Specifically, the Court ruled that Officer Judson Leopold would be permitted to testify, consistent with his grand jury testimony, about witnessing the defendant and Sgt. Brendan Butler assault inmates. As described in the Government's Notice:

> Officer Judson Leopold testified that he was frequently assigned to work with both the defendant and Sgt. Butler in a position known as "Security 9," which provided security to the prison yard and acted as a rover, to go where additional assistance was needed. During the time that Officer Leopold worked with Sgt. Butler, prior to March 27 and 28, 2017, Leopold testified that he witnessed both the defendant and Sgt. Butler assault inmates, GJ Tr. 14:6-15:17, and could not count the number of times he had seen this. GJ Tr. 26:6-15:17. When he saw Butler and Reynolds being called to go somewhere, Leopold said "I'm going to the other direction." GJ Tr. 26: 18-22. Leopold also testified that Butler and Reynolds spoke with him and others on March 27, 2017, shortly after the mop closet assault, bragging about what had occurred. Despite this conversation and the benefit of his knowledge regarding Reynolds' (and Butler's) propensity for assaulting inmates, Leopold did not report the use of force incident as required.

ECF No. 27, at p. 4.

  The Court excluded testimony, outlined in the Fed. R. Evid. 404(b) Notice, by Officer Alicia Owens, Sgt. Butler, and Sgt. McLeod regarding the defendant's reputation for using force at the prison and knowledge that the defendant was "an enforcer" who was called in to handle situations with inmates that had gotten out of control. The Court warned,

3

however, that should the defendant open the door to such reputation evidence, the Court would likely admit it.

      **WHEREFORE**, the United States respectfully submits it has complied with the requirements of the Court's November 20, 2019, oral order.

      Respectfully submitted,

      ARIANA FAJARDO ORSHAN
      UNITED STATES ATTORNEY

      */s/ Robert K. Senior*
      Robert K. Senior
      Assistant United States Attorney
      Florida Bar No. 779407
      99 Northeast 4th Street, Ste. 800
      Miami, Florida 33132-2111
      Tel: (305) 961-9291
      Fax: (305) 530-7087
      Email: Robert.Senior@usdoj.gov

      */s/ Brian Dobbins*
      Brian Dobbins
      Assistant United States Attorney
      Court ID No. A5501182
      99 Northeast 4th Street, Ste. 800
      Miami, Florida 33132-211
      Tel: (305) 961-9304
      Fax: (305) 530-7087
      Email: Brian.Dobbins@usdoj.gov

      */s/ Samantha Trepel*
      Samantha Trepel
      Court ID No. A5501689
      Trial Attorney, Civil Rights Division
      U.S. Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC  20530
      Tel: (202) 305-3204
      Fax: (202) 514-8336
      E-mail: samantha.trepel@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 27, 2019, a true and correct copy of the foregoing was served upon all parties via the ECM/ECF system.

*s/ Samantha Trepel*
Samantha Trepel
DOJ Trial Attorney