FILED BY_____ D.C.

DEC 12 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20953-CR-COOKE(s)
18 U.S.C. § 241
18 U.S.C. § 242
18 U.S.C. § 1001
18 U.S.C. § 2

UNITED STATES OF AMERICA,

v.

TERRANCE REYNOLDS,

    **Defendant.**
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

1. The Florida Department of Corrections (hereinafter "FDOC") was a department within the State of Florida responsible for operating and overseeing approximately one hundred and forty (140) correctional facilities.

2. The South Florida Reception Center (hereinafter "SFRC") was a prison facility operated by the FDOC and located in Miami-Dade County, Florida, in the Southern District of Florida.

3. Inmates incarcerated in the FDOC may be classified as Youthful Offenders by a court if the crime for which they are being sentenced to incarceration was committed prior to their twenty-first birthday. Inmates may also be classified as Youthful Offenders by the FDOC if they

are twenty-four years old or younger.

4. SFRC incarcerated inmates in several separate buildings, commonly referred to as dormitories. The B-Dormitory, also known as "Bravo" Dormitory, was composed of three quads – Quads One, Two, and Three – and was designated to house only Youthful Offender inmates in order to protect them from adult inmates incarcerated at SFRC. Video security cameras were located inside the common area of Quad One of Bravo Dormitory.

5. A room with a locked door located on the outside wall of Quad One was used to store push brooms, mops, and other cleaning equipment. This room, also known as the "mop closet," was not equipped with, or within view of, video security cameras.

6. The E-Dormitory at SFRC, also known as "Echo" Dormitory, is used to place inmates in solitary confinement. Correctional officers, with supervisory approval, place inmates in confinement as a means of punishment for misbehavior, such as being disruptive or disrespectful to correctional officers. Along the outside wall of Echo Dormitory was a room known as the "disciplinary review" ("D.R.") room. The D.R. room was not equipped with, or within view of, video security cameras.

7. Brendan Butler was employed by the FDOC as a Sergeant at SFRC. His responsibilities included being a member of the Security 9 team, a small unit whose members were not assigned to work in a particular dormitory but instead provided internal security and performed other functions in the common areas of SFRC, including the recreational area and the cafeteria.

8. **TERRANCE REYNOLDS** was employed by the FDOC as a correctional officer assigned to the Security 9 team at SFRC.

9. Y.O. 1 was a youthful offender housed in Quad One of Bravo Dormitory.

10. Y.O. 2 was a youthful offender housed in Quad One of Bravo Dormitory.

11.     Y.O. 3 was a youthful offender housed in Quad One of Bravo Dormitory on March 27, 2017, and was transferred to Echo Dormitory on March 28, 2017.

## COUNT ONE
(Conspiracy against Rights: 18 U.S.C. § 241)

1.     Paragraphs one through eleven of the General Allegations section are re-alleged and incorporated by reference as though fully set forth herein.

2.     From on or about March 27, 2017, and continuing through on or about March 28, 2017, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**TERRANCE REYNOLDS,**

and Brendan Butler, while acting under color of law, willfully combined, conspired, and agreed with each other, to injure, oppress, threaten, and intimidate Youthful Offender inmates being held at the South Florida Reception Center, including Y.O. 1, Y.O. 2, and Y.O. 3, in the free exercise and enjoyment of rights and privileges secured to them by the Constitution and laws of the United States, namely the right to be free from cruel and unusual punishment.

### Purpose of the Conspiracy

The purpose of the conspiracy was to use excessive force and the threat of such force to physically assault and intimidate youthful offenders as punishment for conduct perceived to be unacceptably disruptive and disrespectful.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its objectives, one or more of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida:

1.     On or about March 27, 2017, **TERRANCE REYNOLDS** talked to Brendan Butler about going to Bravo Dormitory to address a problem concerning three Youthful Offenders who

3

had been disrespectful that morning to the two female correctional officers assigned to work in Bravo Dormitory.

2. On or about March 27, 2017, **TERRANCE REYNOLDS** and Brendan Butler entered Quad One of Bravo Dormitory.

3. On or about March 27, 2017, **TERRANCE REYNOLDS** and Brendan Butler participated in a conversation with correctional officers assigned to Bravo Dormitory in order to learn the identities of the Youthful Offenders who had allegedly been disruptive that morning.

4. On or about March 27, 2017, **TERRANCE REYNOLDS** and Brendan Butler instructed Y.O. 1, Y.O. 2, and Y.O. 3 to walk to an area outside of Quad 1, then followed the three Youthful Offenders and took them into the mop closet.

5. On or about March 27, 2017, **TERRANCE REYNOLDS** and Brendan Butler forcibly assaulted Y.O. 1 inside the mop closet by striking Y.O. 1 with both a stick and their fists, causing bodily injury to Y.O. 1, while Y.O. 2 and Y.O 3 remained in the immediate vicinity.

6. On or about March 28, 2017, **TERRANCE REYNOLDS** and Brendan Butler agreed to visit Echo Dormitory to see Y.O. 3, who had been transferred from Bravo Dormitory earlier that day for being disrespectful to a correctional officer that morning.

7. On or about March 28, 2017, **TERRANCE REYNOLDS** and Brendan Butler took custody of Y.O. 3 at Echo Dormitory and told him to go into the disciplinary review room.

8. On or about March 28, 2017, while inside the disciplinary review room, **TERRANCE REYNOLDS** and Brendan Butler told Y.O. 3 they knew that Y.O. 3 had been talking about the previous day's assault on Y.O. 1 and had been disrespectful to a correctional officer that morning.

9. On or about March 28, 2017, while inside the disciplinary review room,

4

**TERRANCE REYNOLDS** and Brendan Butler forcibly assaulted Y.O. 3 by taking turns punching him, causing bodily injury.

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO
(Deprivation of Rights Under Color of Law: 18 U.S.C. § 242)

1. Paragraphs one through eleven of the General Allegations section are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about March 27, 2017, in Miami-Dade County, in the Southern District of Florida, the defendant,

**TERRANCE REYNOLDS,**

while acting under color of law, assaulted Y.O. 1, thereby willfully depriving Y.O. 1 of the right, secured and protected by the Constitution and the laws of the United States, to be free from cruel and unusual punishment by a person acting under color of law. It is further alleged that the assault resulted in bodily injury to Y.O. 1, and that the assault included the use, attempted use, and threatened use of a dangerous weapon, to wit, a stick.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT THREE
(Deprivation of Rights Under Color of Law: 18 U.S.C. § 242)

1. Paragraphs one through eleven of the General Allegations section are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about March 28, 2017, in Miami-Dade County, in the Southern District of Florida, the defendant,

**TERRANCE REYNOLDS,**

while acting under color of law, assaulted Y.O. 3, thereby willfully depriving Y.O. 3 of the right,

secured and protected by the Constitution and the laws of the United States, to be free from cruel and unusual punishment by a person acting under color of law. It is further alleged that the assault resulted in bodily injury to Y.O. 3.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT FOUR
(False Statement to a Federal Agency: 18 U.S.C. § 1001)

1. Paragraphs one through eleven of the General Allegations section are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about December 21, 2017, in Broward County, in the Southern District of Florida, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the executive branch of the United States Government, the defendant,

**TERRANCE REYNOLDS,**

did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact, in that the defendant, upon being advised of the allegations surrounding the March 27, 2017 physical altercation involving Y.O. 1 within the Bravo Dormitory mop closet, stated that he had never witnessed a beating in the mop closet when, in truth and in fact, and as the defendant then and there well knew, he had witnessed a beating in the mop closet.

In violation of Title 18, United States Code, Section 1001.

## COUNT FIVE
(False Statement to a Federal Agency: 18 U.S.C. § 1001)

1. Paragraphs one through eleven of the General Allegations section are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about December 21, 2017, in Broward County, in the Southern District of Florida, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the

executive branch of the United States Government, the defendant,

**TERRANCE REYNOLDS,**

did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material matter, in that the defendant, upon being advised of the allegations surrounding the March 28, 2017 altercation with Y.O. 3 at Echo Dormitory, stated that he was not present at Echo Dormitory on March 28, 2017, and had no contact with Y.O. 3 on that date when, in truth and in fact, and as the defendant then and there well knew, he was present at Echo Dormitory on March 28, 2017, and had contact with Y.O. 3 on that date.

In violation of Title 18, United States Code, Section 1001.

A TRUE BILL

_____
FOREPERSON

Respectfully Submitted,

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

_____
BRIAN DOBBINS
ASSISTANT U.S. ATTORNEY

_____
for SAMANTHA TREPEL
TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. | 18-20953-CR-COOKE(s) |
|---|---|---|

v.

TERRANCE REYNOLDS
          Defendant.
_____/

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

   __X__   Miami       _____ Key West
   _____ FTL         _____ WPB   _____ FTP

New Defendant(s)   Yes _____   No __X__
Number of New Defendants    0
Total number of counts    5

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    No
   List language and/or dialect   _____

4. This case will take    10    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                                (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _____ | Petty | _____ |
   | II | 6 to 10 days | __X__ | Minor | _____ |
   | III | 11 to 20 days | _____ | Misdem. | _____ |
   | IV | 21 to 60 days | _____ | Felony | __X__ |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No)    Yes
   If yes:
   Judge: COOKE                Case No.    18-20953-CR-COOKE
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)    No
   If yes:
   Magistrate Case No.   _____
   Related Miscellaneous numbers:   _____
   Defendant(s) in federal custody as of   _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the District of   _____
   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    Yes _____    No __X__

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    Yes _____    No __X__

                                                             _/s/ Brian Dobbins_
                                                             BRIAN DOBBINS
                                                             ASSISTANT UNITED STATES ATTORNEY
                                                             Court I.D. No. A5501182

*Penalty Sheet(s) attached                                                                                   REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **TERRANCE REYNOLDS**

**Case No:** **18-20953-CR-COOKE(s)**

Count #: 1

Conspiracy against Rights

Title 18, United States Code, Section 241

**\*Max. Penalty:** 10 years' Imprisonment

Count #: 2-3

Deprivation of Rights Under Color of Law

Title 18, United States Code, Sections 242 and 2

**\*Max. Penalty:** 10 years' Imprisonment

Count #: 4-5

False Statement to a Federal Agency

Title 18, United States Code, Section 1001

**Max. Penalty:** 5 years' Imprisonment

\* **Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**