# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-20953-CR- COOKE/GRAHAM

**UNITED STATES OF AMERICA**

-vs-

**TERRANCE REYNOLDS,**

**Defendant.**

_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will hear closing arguments. You will then go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

### The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent
## Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-20953-CR- COOKE/GRAHAM

**UNITED STATES OF AMERICA**

**-vs-**

**TERRANCE REYNOLDS,**

**Defendant.**

_____/

### COURT'S INSTRUCTIONS
### TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will hear closing arguments. You will then go to the jury room and begin your discussions -- what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

### The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

### Impeachment of Witnesses Because of Inconsistent
### Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Testimony of Accomplice, Informer, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

### Testimony of Accomplice or Coconspirator with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with an alleged Coconspirator in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the alleged Coconspirator would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

8

### Introduction to Offense Instructions

The indictment charges three separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant willfully conspired to deprive Youthful Offender inmates at the South Florida Reception Center, including Andre Lopez, Yandro Lopez-Malpica, and Michael Burcks, of their constitutional right to be free from cruel and unusual punishment.

Counts Two through Three charge that the Defendant committed what are called "substantive offenses." Specifically, Counts Two and Three charge that the Defendant willfully deprived Andre Lopez in Count Two, and Michael Burcks in Count Three, of their constitutional right to be free from cruel and unusual punishment by assaulting them. I will explain the laws governing those substantive offenses in a moment.

But first note that the Defendant is not charged in Count One with violating a constitutional right – he is charged with <u>conspiring</u> to violate that right.

I will also give you specific instructions on conspiracy.

9

**Count One – Conspiracy Against Rights**
**Elements**

In Count One, the Defendant is charged with violating Title 18, United States Code, Section 241, which makes it a federal crime to conspire or agree with someone else to do something that, if carried out, would injure, oppress, threaten, or intimidate any person in any State in the free exercise of a right secured or protected by the Constitution or laws of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

 (1) a conspiracy existed, that is, two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

 (2) the purpose of the conspiracy was to injure, oppress, threaten, or intimidate the Youthful Offender inmates, including Andre Lopez, Yandro Lopez-Malpica, and Michael Burcks, in their free exercise or enjoyment of a right protected by the Constitution or laws of the United States, specifically, the right of an inmate to be free from cruel and unusual punishment by a person acting under color of law; and

 (3) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

The indictment sets forth a number of acts that the Defendant committed in furtherance of the conspiracy charged in Count One. Proof of these "overt acts" is not an element of Count One. The Government is not required to prove that the Defendant or any co-conspirator committed any overt act set forth in the indictment, but you may consider any of these overt acts that you believe occurred to help determine whether the conspiracy existed, the purpose of the conspiracy, and who joined it.

Some of the people who may have been involved in the events described in Count 1 of the Indictment are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

**Count One – Civil Rights Conspiracy**
**First Element – Existence of Conspiracy**

The first element of Count One requires the Government to prove beyond a reasonable doubt that two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment.

A "conspiracy" is an agreement or mutual understanding by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that those who were members of a conspiracy made any kind of "formal agreement." A conspiracy may be demonstrated by circumstantial evidence and the conduct of the parties involved, including acts done with a common purpose. In other words, an agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed.

The heart of a conspiracy is the making of the unlawful plan itself. The Government does not have to prove that the members planned together all the details of the plan. The Government also does not have to prove that the conspirators succeeded in carrying out the plan.

**Count One – Civil Rights Conspiracy**
**Second Element – Purpose of Conspiracy**

The second element of Count One requires the Government to prove beyond a reasonable doubt that the purpose of the conspiracy was to "injure, oppress, threaten, or intimidate" the Youthful Offender inmates in the free exercise or enjoyment of a right secured and protected by the Constitution or laws of the United States.  Here, the right at issue is the right, enjoyed by all inmates, to be free from cruel and unusual punishment by a correctional officer or other governmental employee.  The Eighth Amendment to the United States Constitution guarantees that every person who is convicted of a crime has the right not to be subjected to cruel and unusual punishment.  This includes, of course, the right not to be assaulted or beaten without legal justification by a person acting under the color of law.

This right can only be violated by someone acting under color of law.  Thus, you must find that at least one member of the conspiracy was acting under color of law.

A person acts "under color of law" if he is an official or employee of a government and he uses or abuses power he possesses because of his official position.  A government official, such as a correctional officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids.

The words "injure, oppress, threaten, or intimidate" are not used in any technical sense and may cover a variety of conduct intended to harm, frighten, punish, or prevent a person's free exercise of a constitutional right.

In determining whether there was a plan to injure, intimidate, or interfere with the Youthful Offenders to deprive them of their right to be free from cruel and unusual punishment, you should keep in mind the following information about when force violates the Eighth Amendment.  Correctional officers are allowed to use force as part of a good faith effort to further legitimate law

13

enforcement purposes, such as restoring order and preventing harm to themselves or others, so long as the force used is not excessive. Once such a matter is under control, correctional officers are not permitted to continue using force for the purpose of harming or punishing an inmate. The official use of force against inmates violates the Eighth Amendment if it involves the unnecessary or wanton infliction of pain. Force used in order to retaliate, seek retribution, or punish an inmate constitutes force that has no legitimate law enforcement purpose. The essence of this inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or instead maliciously or sadistically for the purpose of causing harm.

In determining whether there was a plan to deprive the Youthful Offenders of their right to be free from cruel and unusual punishment, you should consider all the circumstances of the incident, including the amount of force used in relationship to the need presented; the motive of the Defendant; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, officers may not conspire to use force for the purpose of causing harm regardless of the significance of the injury to the prisoner. But, an officer always has the right to use reasonable force that is necessary under the circumstances to maintain order and ensure compliance with prison regulations.

Although you must find that the purpose of the conspiracy was to interfere with the Youthful Offender inmates' right to be free from cruel and unusual punishment for this element to be met, it is not necessary for you to determine that the Defendant or any other conspirator was thinking in legal terms or that he knew that his action would violate anyone's protected rights. To meet this element, you need only find that the purpose of the conspiracy was to do something the law prohibits. This element can be met even if the Defendant or any conspirator was motivated by some other emotion such as anger, revenge, or exasperation.

## Count One – Civil Rights Conspiracy
## Third Element – Membership in a Conspiracy

The third element of Count One requires the Government to prove beyond a reasonable doubt that the Defendant knowingly and willfully joined the conspiracy. One becomes a member of a conspiracy by voluntarily agreeing to participate in the unlawful plan with the intent to further the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. A person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

15

## Count Two – Deprivation of Rights
### Elements of 18 U.S.C. § 242

In Count Two, the Defendant is charged with violating Title 18, United States Code, Section 242, which makes it a federal crime for anyone acting under color of law to willfully deprive someone else of a right secured or protected by the Constitution or laws of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant deprived Andre Lopez of the right to be free from cruel and unusual punishment, which is a right protected by the United States Constitution;

(2) the Defendant acted under color of law;

(3) the Defendant acted willfully; and

(4) the Defendant used a dangerous weapon or the offense resulted in bodily injury to Andre Lopez.

**Count Three – Deprivation of Rights**
**Elements of 18 U.S.C. § 242**

In Count Three, the Defendant is charged with violating Title 18, United States Code, Section 242, which makes it a federal crime for anyone acting under color of law to willfully deprive someone else of a right secured or protected by the Constitution or laws of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant deprived Michael Burcks of the right to be free from cruel and unusual punishment, which is a right protected by the United States Constitution;

(2) the Defendant acted under color of law;

(3) the Defendant acted willfully; and

(4) the offense resulted in bodily injury to Michael Burcks.

**Counts Two and Three – Deprivation of Rights**
**First Element – Deprivation of Right**

The first element of Counts Two and Three requires the Government to prove beyond a reasonable doubt that the Defendant deprived Andre Lopez and Michael Burcks, respectively, of the right to be free from cruel and unusual punishment by a correctional officer. This right is secured and protected by the Eighth Amendment to the United States Constitution, which guarantees that every person who is convicted of a crime has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted or beaten without legal justification by a person acting under color of law.

A correctional officer's use of force against inmates violates the Eighth Amendment if it involves the unnecessary or wanton infliction of pain. Correctional officers are allowed to use force as part of a good faith effort to further legitimate law enforcement purposes, such as restoring order and preventing harm to themselves or others, so long as the force used is not excessive. Correctional officers are not permitted to use force for the purpose of harming or punishing an inmate. Force used in order to retaliate, seek retribution, or punish an inmate constitutes force that has no legitimate law enforcement purpose. The essence of this inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or instead maliciously or sadistically for the purpose of causing harm.

In making this determination, you should consider all the circumstances of the incident, including the amount of force used in relationship to the need presented; the motive of the Defendant; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, officers may not use force for the purpose of causing harm regardless of the significance of the injury to the prisoner. But, an officer always has the right to use reasonable

18

force that is necessary under the circumstances to maintain order and ensure compliance with prison regulations.

**Counts Two and Three – Deprivation of Rights**
**Second Element – Color of Law**

The second element of Counts Two and Three requires the Government to prove beyond a reasonable doubt that the Defendant acted under color of law.

A person acts "under color of law" if he is an official or employee of a government and he uses or abuses power he possesses because of his official position. A government official, such as a correctional officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids.

20

## Counts Two and Three – Deprivation of Rights
## Third Element – Willfulness

The third element of Counts Two and Three requires the Government to prove beyond a reasonable doubt that the Defendant acted willfully. The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific constitutional provision, law, or rule that his conduct may be violating.

Intent is a state of mind and can be proven by circumstantial evidence. Ordinarily, a person's state of mind cannot be proved directly because no one can read another person's mind and tell what that person is thinking. The Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, what the Defendant did or failed to do, and any other facts or circumstances in evidence that show what was in the Defendant's mind. You may, but need not, draw the inference that the Defendant intended all of the consequences that a person standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission.

It is no defense that the Defendant may have been motivated by anger, revenge, exasperation, or some other emotion, as a defendant may not use force for these purposes. Thus, you may, but need not, consider evidence of these motivations as evidence of willfulness.

The Government also is not required to show that the acts of the Defendant were premeditated or of long duration.

## Count Two – Deprivation of Rights
## Fourth Element – Bodily Injury and Dangerous Weapon

Count Two charges that the Defendant used a dangerous weapon, specifically, a stick, to assault Andre Lopez, and that the Defendant's conduct resulted in bodily injury to Andre Lopez. For you to return a guilty verdict on Count Two, you need not find that the Government has proven both that the Defendant used a dangerous weapon and that the offense resulted in bodily injury. Proof beyond a reasonable doubt of one of these two is enough. But in order to return a guilty verdict on this count, all twelve of you must agree that at least one has been proven, and all twelve of you must agree that the same one has been proven.

The term "bodily injury" means – (A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary. The Government need not prove that the Defendant intended to cause bodily injury. Instead, the Government need only prove that some degree of bodily injury resulted from the Defendant's conduct.

A "dangerous weapon" includes any object that a person can readily use to inflict serious bodily harm on someone else.

**Count Three – Deprivation of Rights**
**Fourth Element – Bodily Injury**

Count Three charges that the Defendant's conduct resulted in bodily injury to Michael Burcks. To prove this, the Government must prove beyond a reasonable doubt that the offense resulted in bodily injury.

The term "bodily injury" means – (A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary. The Government need not prove that the Defendant intended to cause bodily injury. Instead, the Government need only prove that some degree of bodily injury resulted from the Defendant's conduct.

### On or About; Knowingly; Willfully

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

The Defendant may also be found guilty of the willful deprivation of rights charged in Counts Two and Three even without evidence that the Defendant personally performed every act charged, if he aided and abetted the offense charged in Counts Two and Three.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime -- not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

25

## DEFENSE OF OTHERS

The Defendant has offered evidence that he acted in defense of another. The use of force is justified when a person reasonably believes that force is necessary for the defense of another against the immediate use of unlawful force.  However, a person must use no more force than appears reasonably necessary under the circumstances.

A person does not act in defense of another when the need to defend others arose out of his, or his co-conspirator's, own aggression.

The government must prove beyond a reasonable doubt that the defendant did not act in defense of another.

## Cautionary Instruction Similar Acts Evidence

You heard evidence from Correctional Officer Judson Leopold of acts allegedly done by the Defendant that may be similar to those charged in the indictment but were committed on other occasions. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the indictment. But you may consider this evidence to decide whether:

• the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

• the Defendant had a motive or the opportunity to commit the acts charged in the indictment;

• the Defendant acted according to a plan or in preparation to commit a crime; or

• the Defendant committed the acts charged in the indictment by accident or mistake.

## Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the Indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the Indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide in accordance with the Sentencing Guidelines.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.